English *v.* Sharpe.

---

ENGLISH v. SHARPE.

If the plaintiff be not present, either in person or by Attorney, when judgment is confessed and rendered in a Justice's court, upon affidavit, it is ground for reversal. *Young's admrs.* v. *Stout,* 5 *Halst.* 302. But the fact of his absence, must appear on record, or be plainly proved.

An affidav t for confession of judgment, as prescribed by act February 19, 1829, *Har. Comp.* 248, must in every respect accord with the directions given in that act, and must s'ate the consideration of the debt. This act embraces the court for the trial or small causes, and virtually repeals the 18th Section of the act constituting th t court.

This was a *certiorari* directed to a Justice of the Peace.

*J. W. Miller*, for plaintiff in *certiorari*.

HORNBLOWER, C. J. delivered the opinion of the Court.

The plaintiff in *certiorari*, moved to reverse this judgment for two reasons, viz:

1st. Because it does not appear that the plaintiff below, was present in court, either by himself or his attorney, when the judgment was confessed.

If this objection was sustained in point of fact, it would be fatal, upon the authority of *Young's admrs.* v. *Stout*, 5 *Halst. R.* 302. But there is enough upon the record to justify a fair legal presumption that the plaintiff was personally present, at the time of the confession and rendition of the judgment. The Justice after stating, that the defendant on the 2bth July 1835, and "before the judgment was entered, personally appeared before him and confessed" the same, immediately adds, "and the plaintiff having made and filed with me an affidavit, &c. thereupon ⸱ I give judgment, &c." And this affidavit upon inspection bears date, on the same day the judgment was confessed, and was made before the same Justice.

In the case cited from 5 *Halst. R.* 302, it appeared affirmatively by the Justice's certificate, to have been entirely an *ex parte* transaction. It was not so in this case, and consequently, this objection must be overruled.

But 2ndly. It is objected that the affidavit is insufficient.

The case of *Parker* v. *Griggs*, 1 *South. R.* 161, has no application to the one now before us. In that case, the judgment had been confessed in October 1817, and was therefore to be governed by the rule prescribed by the act of the 29th January 1817. By that act it was in substance declared, that *no* judgment by confession should be entered, unless upon affidavit, &c. Consequently it was held by the court in that case, that the judgment was void, even as against the defendant himself—for want of such affidavit as that act required. But by the 18th *Section* of the act constituting courts for the trial of small causes, *Rev. Laws*, 634, passed the 12th February 1818, it was enacted, that if a judgment should be entered by confession

before a Justice, without such affidavit as was required by the act of 29th January 1817, it should be inoperative and have no effect against any person not a party in the suit ; but should be binding and have full effect so far as related to the parties in the suit only.

If this case depends upon the provisions of the 18th *Section* of the act of 1818, the judgment must be affirmed ; for the affidavit which was ·made and filed by the plaintiff below, though not a literal, was a substantial compliance with the provisions of that act, and if it was not so, the judgment would , still be good against the defendant, even if there was no affidavit. But by an act passed the 24th February 1820, *Rev. Laws*, 685, the act of 29th January 1817, was repealed, and by that act an affidavit was required only in the case of bonds with warrants of attorney to confess judgment.

Under this act it might remain a question, whether so much of the 18th *Section* of the small cause act, *Rev. Laws*, 634, as required an affidavit in conformity with the act of 29th January 1817, was not virtually repealed, inasmuch as that act was itself repealed by the act of 24th February 1820. Or whether, notwithstanding the act 29th January 1817 was repealed, it did not continue to be necessary, to make such an affidavit, as that act required, in order to give validity to a judgment confessed before a Justice, as against creditors and other persons than the parties on the record.

But this question need not now be decided, since by the supplemental act passed the 19th February 1829, *Harr. Comp.* 248, it is, in broad and unqualified terms, declared that " *no judgment shall be entered in any court of record of this State*, on a warrant of attorney, to confess such judgment, *or by the defendant appearing in person in open court and confessing the same*," except upon such affidavit as is therein directed. This act evidently embraces the court for the trial of small causes, and virtually repeals the 18th *Section* of the act constituting that court. And, inasmuch as the affidavit in this case does not state the consideration of the debt, nor conform in other respects to the directions of the supplement just men-

tioned, the judgment is void, not only as against other persons, but as against the defendant himself, and must therefore be reversed.

*Judgment reversed.*

CITED in *Wright* v. *Wood, Spencer,* 309.